# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHAEL ZAMBRANO,

      Plaintiff,

v.                                                                        CV No. 19-896 KWR/CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 34), filed June 4, 2020; Defendant Commissioners' *Objection to Proposed Findings and Recommended Disposition* (the "Objections"), (Doc. 35), filed June 17, 2020; and Plaintiff Michael Zambrano's *Response to the Administration's Objections* (the "Response"), (Doc. 36), filed July 2, 2020.

In the PFRD, the Chief Magistrate Judge recommended that Mr. Zambrano's *Motion to Reverse and/or Remand* (the "Motion"), (Doc. 26), be granted. (Doc. 34 at 15). The parties were informed that objections to the Chief Magistrate Judge's recommendations were due within fourteen days of service of the PFRD. *Id.* The Commissioner objected to the PFRD on June 27, 2020, (Doc. 35), and Mr. Zambrano timely responded on July 2, 2020, (Doc. 36). Following a *de novo* review of the Motion, PFRD, Objections, and Response, the Court will overrule the Objections, adopt the PFRD, grant the Motion, and remand this matter for further proceedings before the Commissioner.

**I.      Background**

In his Motion, Mr. Zambrano challenges Administrative Law Judge ("ALJ") Michelle Lindsay's July 25, 2019 denial of his application for supplemental security income benefits. (Doc. 26). Specifically, Mr. Zambrano argues ALJ Lindsay erred in: (1) failing to properly weigh and consider opinion evidence from his treating physician, Rick Cardenas, M.D.; (2) failing to consider relevant evidence proffered by the physical consultative examiner, Jeffrey Glassheim, M.D.; (3) applying outdated legal standards in assessing his subjective complaints; and (4) failing to resolve a conflict between the Dictionary of Occupational Titles and mental limitations in his residual functional capacity (the "RFC"). *Id.* at 20-23.

In the PFRD, the Chief Magistrate Judge found ALJ Lindsay committed reversible error in failing to discuss all pertinent probative evidence in relation to Dr. Cardenas's medical opinion. (Doc. 34 at 14). With the absence of substantial evidence supporting ALJ Lindsay's decision to afford Dr. Cardenas's opinion little weight, the Chief Magistrate Judge recommended Mr. Zambrano's case be remanded to the Commissioner. *Id.* After determining ALJ Lindsay committed harmful error in assessing Dr. Cardenas's medical opinion, the Chief Magistrate Judge did not evaluate Mr. Zambrano's remaining claims for relief. *Id.* at 14-15.

In his Objections, the Commissioner asserts the Chief Magistrate Judge erred in holding that ALJ Lindsay's analysis of Dr. Cardenas's opinion was not supported by substantial evidence. (Doc. 35 at 3). Specifically, the Commissioner alleges the evidence ALJ Lindsay failed to discuss was not significantly probative, and its absence from her opinion analysis therefore did not constitute reversible error. *Id.* at 3-6. In his Response, Mr. Zambrano alleges the evidence ALJ Lindsay failed to consider "would have resulted in a finding of disability." (Doc. 36 at 3). As such, Mr. Zambrano contends the Chief Magistrate Judge's recommendation should be

adopted. *Id.* at 5.

## II.     Standard of Review

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## III.    Analysis

The parties dispute whether ALJ Lindsay's decision to afford Dr. Cardenas opinion little weight was supported by substantial evidence. In answering this question in the negative, the Chief Magistrate Judge determined ALJ Lindsay ignored significantly probative evidence, in contravention of Tenth Circuit precedent and leaving the Court unable to assess whether the relevant evidence supported ALJ Lindsay's decision. (Doc. 34 at 11-14). Specifically, the Chief Magistrate Judge explained ALJ Lindsay ignored several medical findings proffered by Dr. Wallach. *Id.* at 12-14. The Commissioner now contends the findings rendered by Dr. Wallach, if adopted, would not have changed the outcome of ALJ Lindsay's opinion. (Doc. 35 at 3). As such, the Commissioner argues the evidence ignored by ALJ Lindsay was not significantly probative, and thus, its absence did not undermine ALJ Lindsay's opinion. *Id.* at 3-6.

Evidence may be deemed "significantly probative" if it "supports a finding of disability." *Briggs ex rel. Briggs v. Massanari*, 284 F.3d 1235, 1239 (10th Cir.2001). In the Tenth Circuit, if significantly probative evidence is presented that undercuts the ALJ's finding of non-disability, the ALJ "may not ignore [it.]" *Id*. In addition, an ALJ's decision is not supported by substantial evidence when she fails to discuss significantly probative evidence she rejected. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (explaining "[t]he record must demonstrate that the ALJ considered all of the evidence"). Indeed, in the absence of a thorough discussion, the RFC assessment is deemed not "sufficiently specific to [be] clear to any subsequent reviewers." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (citation omitted). As such, an ALJ's failure to discuss significantly probative evidence that supports a finding of disability requires remand. *See Clifton*, 79 F.3d at 1010 (remanding the ALJ's decision to the Commissioner, instructing the ALJ to "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").

Here, ALJ Lindsay discussed the evidence presented in Dr. Wallach's report that supported her finding of non-disability. Specifically, ALJ Lindsay reported that Mr. Zambrano experienced up to 75 percent pain relief from radiofrequency treatments. *See* (AR 813); (AR 1112, 1114, 1117, 1121). In addition, ALJ Lindsay discussed Dr. Wallach's observations of a normal gait, coordination, and balance. (AR 813). Importantly, however, ALJ Lindsay did not discuss several findings in Dr. Wallach's report which supported a finding of disability. Specifically, Mr. Zambrano complained of neck pain and lower-back pain that radiated into his thigh. (AR 1117). In addition, Mr. Zambrano reported numbness, pain with activities, neck pain, locking, clicking, and instability. (AR 1117). Further, Mr. Zambrano repeatedly complained to Dr. Wallach of pain levels ranging from 6 to 8, on a scale of 1 to 10. (AR 1110, 1114, 1117). Dr.

Wallach also noted Mr. Zambrano had a limited range of motion and tenderness in his cervical and lumbar spine, and absent reflexes in his right upper extremity and ankles. (AR 1112).

The findings ALJ Lindsay ignored in her opinion are significantly probative because if adopted, these allegations and objective findings may have rendered Mr. Zambrano disabled — or, at a minimum, they would have further restricted his RFC assessment. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988). By omitting an analysis of the evidence which undercut her assignment of little weight to Dr. Cardenas's opinion, ALJ Lindsay's decision is not supported by substantial evidence. In rejecting this conclusion, the Commissioner alleges the contrary evidence proffered by Dr. Wallach would not have resulted in a finding of disability. (Doc. 35 at 5). However, the Commissioner fails to provide any legal support for his contention that debilitating complaints of pain and numbness cannot be deemed disabling. Indeed, case law suggests the opposite conclusion. *See e.g.*, *Williams*, 844 F.2d at 756 (explaining "repeated references to [the claimant's] chronic pain are found in medical records and reports," and "these findings support [the claimant's] complaints of disabling pain.").

In short, the ALJ's decision does not demonstrate that she considered all significantly probative evidence. *See Clifton*, 79 F.3d at 1009 (holding that substantial evidence requires consideration of both evidence supportive of the ALJ's determination but also significantly probative evidence the ALJ rejected). The ALJ's selective omission of conflicting evidence constitutes impermissible cherry-picking of evidence. *See Bryant v. Comm'r, SSA*, 753 F. App'x 637, 641 (10th Cir. 2018) ("[A]lthough an ALJ is entitled to resolve conflicts in the record…she may not 'pick and choose among medical reports, using portions of evidence favorable to [her] position while ignoring other evidence,' or mischaracterize or downplay evidence to support her findings.") (quoting *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)) (internal

citations omitted). As such, ALJ Lindsay erred in failing to consider all significantly probative evidence proffered by Dr. Wallach, and this error requires remand.

### V. Conclusion

Consistent with the foregoing, the Court will overrule the Objections, adopt the PFRD, grant the Motion, and remand this matter for further proceedings before the Commissioner.

**IT IS THEREFORE ORDERED** that Mr. Zambrano's *Motion to Reverse and/or Remand*, (Doc. 26), is **GRANTED** and the case **REMANDED** to the Commissioner for additional proceedings consistent with this opinion.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE