**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ZAMBRANO,

      Plaintiff,

v.                                               No. CV 19-896 KWR/CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** is before the Court on Plaintiff Michael Zambrano's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act*, (the "Motion"), (Doc. 39), filed September 29, 2020; *Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 40), filed October 13, 2020; and Mr. Zambrano's *Reply in Support of Opposed Motion for EAJA Fees* (the "Reply"), (Doc. 41), filed October 15, 2020. Having reviewed the Motion, Response, Reply, and the relevant law, the Court finds that Mr. Zambrano's Motion is well-taken and should be **GRANTED**.

    **I.**    **Background**

In May 2013, Mr. Zambrano filed for supplemental security income benefits, alleging disability due to anxiety, depression, post-traumatic stress disorder ("PTSD"), bipolar disorder, degenerative disc disease, and hepatitis C. (Administrative Record "AR" 99, 230, 262). Mr. Zambrano's application was denied initially, (AR 113), upon reconsideration, (AR 128), and following a hearing before administrative law judge ("ALJ") Michelle Lindsay, (AR 64). Mr. Zambrano requested review by the Appeals

Council, which was denied, (AR 6-7), making ALJ Lindsay's decision the final decision of the Social Security Administration, (AR 46-47). Mr. Zambrano sought review from this Court, requesting that the Court reverse ALJ Lindsay's decision and remand the matter for reconsideration. (AR 903). The Honorable Kevin Sweazea agreed with Mr. Zambrano, finding ALJ Lindsay failed to properly consider evidence material to his disability claim, and remanded the matter for further proceedings. (AR 907).

On remand, the Appeals Council ordered a rehearing of Mr. Zambrano's claim, (AR 910), and again ALJ Lindsay denied Mr. Zambrano's application, (AR 819). ALJ Lindsay's decision became the final decision of the Social Security Administration, (Doc. 34 at 2), and thus Mr. Zambrano directly sought review from this Court, (Doc. 1). In his *Motion to Reverse and/or Remand*, (Doc. 26), Mr. Zambrano argued ALJ Lindsay erred in four respects: (1) she improperly weighed the opinion of Dr. Cardenas, Mr. Zambrano's treating physician; (2) she improperly weighed the opinion of the physical consultative examiner; (3) she applied an outdated legal standard in considering Mr. Zambrano's subjective complaints; and (4) she failed to resolve a conflict between the Dictionary of Occupational Titles ("DOT") and the mental limitations in her assessment of Mr. Zambrano's residual functional capacity ("RFC"). (Doc. 22 at 20-23).

The Court found ALJ Lindsay's decision to assign little weight to Dr. Cardenas's opinion because it conflicted with imaging studies and the opinion of Dr. Wallach was unsupported by substantial evidence. (Doc. 34 at 12-14). Specifically, the Court explained that ALJ Lindsay omitted parts of Dr. Wallach's opinion and the continued complaints of pain by Mr. Zambrano, which supported Dr. Cardenas's opinion. *Id.* at 13.

The Court granted Mr. Zambrano's *Motion to Reverse and/or Remand* and remanded the Commissioner's decision. (Doc. 37 at 6).

Mr. Zambrano now petitions the Court for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 39). He argues that an award of attorney fees is appropriate because he was the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. *Id.* at 1-3.

**II.   Analysis**

The Commissioner opposes an award for attorney fees, arguing his position in the underlying agency action and subsequent litigation was substantially justified. (Doc. 40 at 1). The Commissioner asserts that while ALJ Lindsay did not expressly discuss the parts of Dr. Wallach's opinion which supported Dr. Cardenas's opinion in her analysis of Dr. Cardenas's opinion, she did discuss them "earlier in her decision." *Id.* at 3-4. The Commissioner contends "the fact that the ALJ did not discuss every part of Dr. Wallach's notes at the same point she accords weight to the opinion of a *different* physician, does not mean that the ALJ's findings were not substantially justified." *Id.*

In his Reply, Mr. Zambrano maintains the Commissioner's position was not substantially justified. (Doc. 41 at 3-4). He states ALJ Lindsay erred not because she failed to discuss each detail of Dr. Wallach's opinion but because she cherry-picked the details that supported her decision to afford Dr. Cardenas's opinion little weight. *Id.* at 3.

A. <u>Standard of Review</u>

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified';

and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether his position was substantially justified.

In this circuit, the test for substantial justification is one of reasonableness in both law and fact. *Id.* (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). As defined by the United States Supreme Court, substantial justification requires the government's position be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's "position" includes both the government's stance in the underlying agency action and in any subsequent litigation. *Id.*

Courts are more likely to find the government's position substantially justified when an area of law is "unclear or in flux." *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). Indeed, the government's position may be substantially justified even though it is incorrect. *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). Ultimately, the government bears the burden of proving its position was substantially justified. *Gilbert*, 45 F.3d at 1394.

B. <u>The Commissioner's Underlying Position and the Court's Disposition</u>

Mr. Zambrano first established care with Dr. Cardenas in 2015, and thereafter Dr. Cardenas would continue to serve as Mr. Zambrano's primary care physician. (AR 815). Dr. Cardenas opined that Mr. Zambrano was limited to less than two hours of sitting, standing, or walking in an eight-hour day, and lifting up to twenty pounds on rare occasions. (AR 815-816). Dr. Cardenas further opined that Mr. Zambrano would likely

be absent from work more than four days per month and need unscheduled breaks throughout the workday. (AR 815-816).

ALJ Lindsay afforded Dr. Cardenas's opinion "little weight," explaining it was "not at all consistent with the imaging studies showing mild degenerative changes and the orthopedic records [authored by Dr. Wallach], which show no radiculopathy." (AR 8-16). Additionally, ALJ Lindsay stated she found the imaging studies and Dr. Wallach's records inconsistent with Mr. Zambrano's complaints of severe pain at the hearing. (AR 816). Finally, ALJ Lindsay noted that Dr. Cardenas was Mr. Zambrano's "primary care physician and not a specialist." (AR 815-816).

The Court found that in deciding to assign little weight to Dr. Cardenas's opinion, ALJ Lindsay omitted parts of Dr. Wallach's opinion that supported Dr. Cardenas's opinion of Mr. Zambrano's limitations. (Doc. 34 at 11-12). Further, the Court found ALJ Lindsay omitted Mr. Zambrano's complaints of pain, which also supported Dr. Cardenas's opinion. *Id.* The Court concluded ALJ Lindsay's failure to cite this relevant evidence in determining the appropriate weight to afford Dr. Cardenas's opinion constituted legal error. *Id.* at 13-15. The Court remanded the case for further administrative proceedings. (Doc. 37 at 6).

C. <u>The Commissioner's Position is not and was not Substantially Justified</u>

First, as the Court explained in the *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 34), which was adopted, (Doc. 37), Mr. Zambrano's treating source was presumptively entitled to more weight than other sources. 20 C.F.R. § 416.927(c)(2). If the ALJ declines to afford the treating source controlling weight she must provide an explanation that is "sufficiently specific to [be] clear to any subsequent

5

reviewers." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (citation omitted). Although ALJ Lindsay considered some of the evidence proffered by Dr. Wallach to support her decision assigning little weight to Dr. Cardenas's opinion, she omitted other conflicting evidence. (Doc. 34 at 12-13); (Doc. 37 at 5). ALJ Lindsay further failed to specifically cite Mr. Zambrano's improvement, which also conflicted with her decision regarding Dr. Cardenas's opinion, and the Commissioner admitted as much. *See* (Doc. 31 at 9) ("The ALJ did not . . . explicitly consider [Mr. Zambrano's] improvement when evaluating Dr. Cardenas's opinion."). ALJ Lindsay's selective omission of conflicting evidence constituted impermissible cherry-picking. *See Bryant v. Comm'r, SSA*, 753 App'x 637, 641 (10th Cir. 2018). Thus, ALJ Lindsey's omissions were error and required remand.

     Moreover, it is not enough, despite the Commissioner's continued contention to the contrary, that ALJ Lindsay generally cited all the evidence relevant to Dr. Cardenas's opinion at some point in her decision. Rather, the law required her to specifically recite it in her analysis regarding the proper weight to afford Dr. Cardenas's opinion. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("[T]he absence of ALJ findings supported by specific weighing of the evidence" left the court unable to "assess whether relevant evidence adequately supports the ALJ's conclusion"). Otherwise, the Court's subsequent review of her specific decision to assign Dr. Cardenas's opinion little weight within her overall decision finding Mr. Zambrano not disabled would be guesswork. The Commissioner previously offered this justification, and the Court rejected it. (Doc. 34 at 14) ("[R]ather than discussing with specificity Dr. Cardenas's opinion, the ALJ cursorily referred back to her prior discussion . . . Such

6

opinion fails to provide the sufficiently specific explanation required for rejecting an opinion, particularly a treating source's opinion."). The Commissioner offers the same argument in his Response, which the Court finds unavailing.

The Commissioner cites *Pierce v. Underwood*, 487 U.S. 552 (1988), for the proposition that "an erroneous position can be substantially justified 'if a reasonable person could think it correct.'" (Doc. 40) (*quoting* 487 U.S. at 566 n.2). In *Pierce*, the Supreme Court further explained, however, the government's position in defending an agency action must also have "a reasonable basis in *law* and fact." *Pierce*, 487 U.S. at 566 n.2 (emphasis added). The Commissioner, notably, does not identify any flux in the law regarding an ALJ's decision to assign a treating source little weight, which otherwise may have made his defense of ALJ Lindsay's decision substantially justified. *See Cherry*, 125 Fed. Appx. at 916 ("When an area of law is unclear or in flux, it is more likely that the government's position will be substantially justified.") (citation omitted). The law at the time clearly required ALJs to explain with sufficient specificity any decision declining to afford a treating source controlling weight, and the Commissioner does not disagree. *Langley*, 373 F.3d at 1119; *see* (Doc. 40 at 4).

The Court's finding that ALJ Lindsay erred in omitting relevant evidence in her decision to assign little weight to Dr. Cardenas's opinion was a finding of legal error. *See* (Doc. 34); (Doc. 37). Accordingly, the Commissioner's position in defending the error was not substantially justified, especially since this area of law is not "unclear or in flux." *Cherry*, 125 Fed. Appx. at 916.

### III.     Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in his position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds Mr. Zambrano is entitled to an award of attorney fees under EAJA. However, the Court will deny Mr. Zambrano's request in his Reply for compensation for an additional 5.2 hours spent preparing the Reply to his Motion for attorney fees. (Doc. 41 at 5). This request is improperly raised in a reply brief, giving the Commissioner no opportunity to respond. *See Mills v. Berryhill*, No. 1:16-cv-573 CG, 2017 WL 4863074, *5 (D.N.M. Oct. 26, 2017). Moreover, the Court finds the amount of attorney fees initially requested in the Motion sufficient compensation.

**IT IS THEREFORE ORDERED** that Mr. Zambrano's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act*, (Doc. 39), be **GRANTED** and attorney fees in the amount of $6,251.40 be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and be made payable to Mr. Zambrano. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Mr. Zambrano's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Mr. Zambrano pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATE MAGISTRATE JUDGE